LEWIS WRIGHT *vs.* TURPIN, JACOB and CHARLES WRIGHT.-

The action of a party entitled to an apportionment of rent under the statute, is not confined to use and occupation, unless the demise is by deed.

A party so entitled, can recover his share of the rent from a person to whom the tenant has paid it, in the action for money had and received to his use.

INDEB. assumpsit for money had and received to plaintiff's use. Plea, general issue.

The action was brought to recover from defendant money received under the following circumstances :

The lands of William Richards were bound by two judgments, one at the suit of William Rose, which was the elder judgment, and the other at the suit of the defendants. The defendants executed their judgment by elegit issued on the 20th December, 1834, and an extension under it, to themselves, on 9th February, 1835, of two tracts of land valued, the one at $122 and the other at $71 per annum. Possession was delivered to them accordingly, and they leased the farms to sub-tenants, the rent being due and payable on the 1st January, 1837. Rose then executed his judgment, and sold these two tracts to *plaintiff* on 7th June, 1836, to whom a sheriff's deed was regularly made. On the 1st January, 1837, the defendants received the rents for 1836, which were not sufficient to pay their judgment, but there were other lands bound. The plaintiff as purchaser, claimed a portion of the rent of 1836, from the time of his purchase, to wit : 7th June ; and brought this action for money had and received to his use.

*Cullen*, for defendants, moved a nonsuit. The action of indebitatus assumpsit will not lie. It is an action for rent, and the remedy is given by statute. The form of action, therefore, must be special. Where a statute gives a remedy it must be counted on. *Harris' executor* vs. *Vickers*, 1 *Harr.* 6. " In case of sale the purchaser shall be entitled to rent for the premises sold from the day of sale ; if such premises be in possession of a tenant under rent, such rent shall be apportioned according to the time ; the proportion for the time the rent has been growing due to the day of sale being payable to the lessor or his assigns, and the residue to the purchaser ; and each party shall have remedy by distress, or action, for his just proportion ; and a purchaser may recover his proportion of rent, although such rent be reserved by deed (as well as rent from the day of sale in case no rent has been reserved) by an action of *assumpsit for use and occupation*." (*Digest*, 213.) That is a special action, and the plaintiff might either have resorted to it, or as landlord, might have distrained for the rent. Against these defendants the plaintiff has no right to recover in any form of action. They were not tenants of the land ; and the act only gives the remedy against a *tenant.*

*Ridgely*, for plaintiff. Wherever money has been received by one man which equitably belongs to another, and the law can imply a duty to pay it, the promise is implied and the money is recoverable in the action of assumpsit. *Guthrie* vs. *Hyatt*, 1 *Harr.* 446.

Have the defendants received money which in equity ought to be paid to the plaintiff? The act says that on a sale of lands the pur-

chaser shall have rent from the day of sale. No matter who was in possession, whether the tenant by elegit or his sub-tenant, all the rent accruing due after the sale belonged to the purchaser. The law gives the special remedy only as against the actual tenant, a remedy by distress or by special action on the case against him. But here the actual tenant has paid the whole rent to defendants; For whose use? For the use of those legally entitled to it. It does not follow that wherever a statute gives a remedy by assumpsit the action must be special, founded on the act. In *Booth* vs. *Booth's administrator*, Kent, some years ago, it was decided that a distributive share of an estate might be recovered by the heir at law in the action for money had and received.

We might have distrained as against the tenant of the land; but this action will lie against these defendants. The act respects three parties, lessor, tenant, and purchaser. Both lessor and purchaser have remedy by distress or action against the tenant for their respective shares of the rent; but, independently of the act, if the share of either be paid by the tenant to another person, the action for money had and received will lie as at common law.

By the purchase, the purchaser is entitled not only to the rent but the land, and any rent paid to another person belongs to the purchaser, and is money received to his use.

*Cullen*, in reply.

*By the Court.*—The important fact is, that the tenants by elegit had rented the land to other persons, who held it at the time of the sale, and who *paid the money* over to the defendants. Can the plaintiff's recover the rent so paid in an action for money had and received to their use? It is a general principle, that if a person receives money belonging to another, and has no legal or equitable right to retain it, the law deems this to be so much money had and received to the use of the true owner, and raises a promise by implication, from the person receiving, to pay it over. *Comyn Cont.* 250, *chap.* 4; 1 *Salk.* 28, &c.; *Roscoe Ev.* 231. Now the objection which struck us with most force was, that there was no privity of contract between plaintiff and defendants; the plaintiff a purchaser, and the defendants tenants by elegit, both of whom held under the law. The act (*Dig.* 213) gives an apportionment. But it is argued that this must necessarily be by the action for use and occupation. We think not so. The right of action is general; that by use and occupation applies where the lease is by deed; in other cases the plaintiff is entitled to choose his form of action. The plaintiff has then the right to use that form of action which is suited to his case, and the question is, whether the action for money had and received will lie. We

think it will.   We distinguish between the case of a tenant by elegit and sub-tenants.   We don't decide that if the Wrights had continued in possession plaintiffs could have recovered in this action; we incline to think not.   It would not have been in any sense money received to the plaintiff's use; and the remedy is under the statute. We assent to the argument, that where a statute gives a specific remedy, that remedy must be followed; but we don't regard this statute as confining the remedy in all cases to the action for use and occupation; nor do the defendants here stand as tenants themselves, but as persons who have received money from the actual tenant, who was the party regarded by the law in giving the action for proportions of the rent.   *Dig.* 365, *sec.* 8, also bears on this question.

Nonsuit refused, and verdict for plaintiff for the proportion of the rent after purchase.

*Ridgely,* for plaintiff.

*Cullen,* for defendant.